# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JOHN W. CALDWELL | § |
| | § |
|    Plaintiff, | § |
| | § |
| v. | §   No.  Civ-08-593 |
| | § |
| UNITED STATES OF AMERICA, | § |
| | § |
|    Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff files his original complaint and would respectfully show the Court as follows:

### A. Parties

1. Plaintiff John Caldwell is a citizen of New Mexico and resides in Doña Ana County, New Mexico.

2. Defendant, the United States of America, may be served by sending a copy of the summons and of the complaint by certified mail to the civil process clerk of the Office of the United States Attorney for the District of New Mexico and by sending a copy of the summons and of the complaint by certified mail to the Attorney General of the United States.

### B. Jurisdiction

3. The Court has jurisdiction over the lawsuit because the action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346 (b)(1) *et seq*.

### C. Conditions Precedent

4.      Plaintiff timely presented his claim in writing to the United States Border Patrol

### D. Facts

5.      On June 3, 2007, at the border inspection station on Interstate 10 west of Las Cruces, New Mexico, plaintiff, driving a recreational vehicle, was in an accident with a truck.  The accident occurred approximately 1.5 miles east of the inspection station almost at the first sign indicating that an inspection station was ahead.  The border patrol agents at the inspection station had allowed traffic to back up nearly two miles from the inspection station.  Although the agents knew of the backup of traffic and the danger that it posed to traffic, they failed to warn traffic, including plaintiff, of the backup.

### E. Count 1 – Federal Tort Claims Act

6.      The failure of the border patrol agents to warn traffic, specifically plaintiff, of the stoppage of traffic was negligent.  These border patrol agents were employees of defendant and were acting within the course and scope of their employment and had a duty to exercise ordinary care in directing traffic.  Under the laws of the State of New Mexico, a private person would be liable to plaintiff for these negligent acts or omissions.  In accordance with 28 U.S.C. § 1346 (b) and § 2674, the United States is liable to plaintiff.

7.      Furthermore, defendant was negligent in its design and construction of the ingress and egress to the inspection station.  Defendant was negligent in that it had knowledge of traffic backups and failed to change the setup of vehicle ingress and egress.  The failure to design or modify the setup was negligent.

## F. Damages

8.  As a direct and proximate result of defendant's negligence, plaintiff has suffered the following injuries and damages:

   a.  property damage;

   b.  loss of use of vehicle;

   c.  loss of value of vehicle; and

   d.  personal injury.

## H. Prayer

9.  For these reasons, plaintiff asks for judgment against defendant for:

   a.  $150,000.00 in actual damages;

   b.  costs of suit;

   c.  post-judgment interest; and

   d.  all other relief the Court deems appropriate.

Respectfully,

\_\_/s/ John W. Caldwell_____
John W. Caldwell
New Mexico Bar No. 19266

4621 Pershing Drive
El Paso, Texas 79903
[mailing: P.O. Box 1405
Fairacres, New Mexico 88033-1405]
Tel: 575.525.1508/915.566.868
Fax: 575.525.1510
Email: john@johnwcaldwell.com

Plaintiff